# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| DWAYNE NABORS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:14-CV-171 |
| | ) | |
| CRST MALONE, INC., and | ) | |
| CRST INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On January 12, 2015, Defendants CRST Malone, Inc., and CRST International, Inc. ("together CRST"), filed a motion to exclude Plaintiff Dwayne Nabors from offering any expert testimony, including from the five treating physicians identified in his initial disclosures, on the issue of causation because he did not disclose such witnesses or produce a report under Federal Rule of Civil Procedure 26(a)(2). (Docket # 18.)  Nabors has not filed a response to the motion, and the time to do so has now passed.

For the following reasons, CRST's unopposed motion will be GRANTED.

### A. Factual and Procedural Background

Nabors filed this suit against CRST on May 9, 2014, in LaPorte Superior Court, and CRST then removed it here under 28 U.S.C. § 1332. (Docket # 1, 2.)  In the action, Nabors alleges that CRST was negligent in allowing him to operate his truck in excess of the maximum hours allowed by federal trucking regulations, resulting in an accident that caused him injury.

This Court held a preliminary pretrial conference on July 22, 2014, setting the following deadlines: August 15, 2014, for initial disclosures under Rule 26(a)(1); December 5, 2014, for

Nabors's expert witness disclosures under Rule 26(a)(2); January 30, 2015, for CRST's expert witness disclosures under Rule 26(a)(2); March 31, 2015, for the completion of all expert discovery; and May 29, 2015, for the completion of all fact discovery. (Docket # 7, 10.)

### B. Applicable Legal Authority

"[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Unless otherwise stipulated by the parties or ordered by the court, "this disclosure must be accompanied by a written report–prepared and signed by the witness–if the witness is one retained or specially employed to provide expert testimony . . . ." Fed. R. Civ. P. 26(a)(2)(B). If the witness is not required to provide a written report, the disclosure must state: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Federal Rule of Civil Procedure 37(c)(1) states that if a party fails to identify a witness or provide information as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (citation omitted).

## C. Discussion

CRST states that Nabors identified five treating physicians in his initial disclosures under Rule 26(a)(1): Dr. George Khoury, Dr. James Bethea, Dr. George Pappas, Dr. Terry Brown, and Dr. John Hulvey.[1] In doing so, Nabors apparently gave the same cursory description for each physician–that the physician would be "called to testify regarding the injuries sustained by Mr. Nabors and his subsequent treatment." (Mem. of Law in Supp. of Defs.' Mot. 2.) Thus, the initial disclosures do not suggest that these treating physicians would testify about causation.

And Nabors did not disclose under Rule 26(a)(2)(C) by the December 5, 2014, deadline that any treating physician would provide expert testimony about causation, along with the facts and opinions to which the physician was expected to testify. *See Ballinger v. Casey's Gen. Store, Inc.*, No. 1:10-cv-1439, 2012 WL 1099823, at *2 (S.D. Ind. Mar. 29, 2012) ("A treating physician is an expert witness when he testifies about opinions formed during or after treatment of a patient." (quoting *Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.D. 641, 644 (N.D. Ind. 2011)). Nor did Nabors disclose by December 5, 2014, any retained or specially employed expert witness under Rule 26(a)(2)(B) who may testify about causation, together with the required expert report.

Nabors does not argue that his failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Rather, Nabors opted not to respond to CRST's motion seeking to exclude him from offering expert testimony on the issue of the causation, and thus, he apparently does not oppose such an exclusion. Accordingly, CRST's motion will be GRANTED.

---

[1] CRST did not submit Nabors's initial disclosures with its motion, and therefore, they are not part of the record.

### D. Conclusion

For the foregoing reasons, Defendants' motion to exclude Plaintiff from offering any expert testimony on the issue of causation (Docket # 18), which Plaintiff did not oppose, is GRANTED.

SO ORDERED.

Enter for February 20, 2015.

s/ Susan Collins  
Susan Collins  
United States Magistrate Judge